# PATRICK J. BRACKLEY

− ATTORNEY AT LAW −
233 BROADWAY, SUITE 801
NEW YORK, NY 10279
TEL. (212) 334-3736
FAX (212) 513-7068

October 22, 2012

VIA ECF,
<u>COURTESY COPY VIA FAX</u>

The Honorable Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
Newark, New Jersey 1000-1312

      Re: <u>United States v. Cesar Castillo</u> 11 Cr 319-01 (AKH)

Dear Judge Hellerstein:

      I represent Cesar Castillo, who is scheduled to be sentenced on November 7, 2012, and I submit this letter to aid the Court in fashioning an appropriate sentence that is fair to both Mr. Castillo and the government.  For the reasons set forth below, I respectfully request that the Court grant Mr. Castillo safety-valve relief from the mandatory minimum 5-year term and impose no more than a fifty-one month bottom-of-the -guidelines sentence.

A.     <u>Background</u>

      Pursuant to a plea agreement executed on February 22, 2012, Mr. Castillo pled guilty to Count 1 of a single-count information..  Count 1 charged that, on January 6, 2011, he possessed with intent to distribute 500 or more grams of cocaine in violation of 21 U.S.C. § 841(b)(1)(B).

B.     <u>The Presentence Report and the Sentencing Recommendation</u>

      Having stipulated in his plea agreement to criminal activity involving between 2 and 3.5 kilograms of cocaine, Mr. Castillo begins with a base offense level of 28. U.S.S.G. § 2D1.1 (c)(6); PSR at ¶¶ 3, 15, 19, 24;  The Probation Department

recommended a two-level reduction pursuant to § 3E1.1(a) for timely acceptance of responsibility and, thus far, at least, the Government agrees that the reduction is warranted. PSR at ¶¶ 3, 25

Thus, according to the Probation Department's calculations, Mr. Castillo's total offense level is 26, and, with a criminal history category of I, the corresponding guideline range is from 63-78 months of imprisonment.  PSR at ¶ 28, 31, 62.

Without safety valve and/or § 5K1.1 relief, Mr. Castillo is required to serve a statutory minimum sentence of 5 years (60 months) incarceration.  See 21 U.S.C. § 841(a)(1),(b)(1)(B).


C.      Mr. Castillo Qualifies For "Safety-Valve" Relief.

When, as here, a defendant stands convicted of a 21 U.S.C. § 841 or § 846 offense, U.S.S.G. § 5C1.2(a) permits the court to ignore a mandatory minimum term of imprisonment and impose a sentence in accord with the applicable guidelines or 18 U.S.C. § 3553(a) factors if the defendant meets the five criteria of § 3553(f).  In pertinent part, those criteria are (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in death or serious injury to any person; (4) the defendant was not an organizer, leader, manager or supervisor and (5) not later than the time of the sentencing hearing, the defendant has truthfully proffered all information and evidence he has concerning the charged offense. See also §5C1.2(a)(1-5)

As both the Government and the PSR acknowledge, Mr. Castillo's circumstances satisfy the first four of the five § 3553(f) and § 5C1.2(a) criteria.  In the wake of dual disputatious debriefings at which there was some indication that the Government was not satisfied with his version of events,  Mr. Castillo's anticipates that the Government will contest his satisfaction of the fifth criterion, that he truthfully provided all information he had concerning the offense.

Should the Court settle any dispute there might be in Mr. Castillo's favor, it would then be free to disregard the statutory minimum 5-year term § 841(a)(1), (b)(1)(B) otherwise requires and impose a term in accordance with 18 U.S.C. § 3553(a). Under §2D1.1(b)(16), if the Court decides that he meets the criteria set forth in [§3553(f) and]  § 5C1.2 (1-5), Mr. Castillo must also be awarded a two-level offense level reduction.  Id. With that adjustment, his total offense level would be 24 and the corresponding guideline range would be 51-63 months.

It is a defendant's burden to prove that he qualifies for safety valve relief, United States v. Reynoso, 239 F.3d 143, 146 (2d Cir. 2000) (citing United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997)), Thus, it is Mr. Castillo who must demonstrate that the information he provides is objectively true. Id. While the statute has been construed as affording the Government the further entitlement *not* to be provided with objectively false information, id., at 148, a defendant has until the time of the commencement of the sentencing hearing sentencing to meet the "truthfully tell all" condition, even if he or she has previously repeatedly lied to the Government or obstructed its investigation. United

States v. Jeffers, 329 F.3d 94, 98 (2d Cir. 2003). (citing United States v, Schreiber, 191 F.3d 103, 106 (2d Cir. 1999).   "The plain language of the statute requires the district court to make its own determination whether a defendant satisfied the safety valve provision.  Jeffers, 329 F.3d, at 98 (2d Cir. 2003) (internal punctuation omitted) (citing United States v. Gambino, 106 F.3d 1105, 1110 (2d Cir. 1997)).  Thus, should the Government contest Mr. Castillo's candor in his prior interviews, Mr. Castillo still seeks to avail himself of his right to present his version of events to the Court, at as much of an evidentiary hearing as due process and judicial economy dictate.

D.    The § 3553(a) Factors Militate For a Probationary Sentence

"The court should impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.  U.S.S.G. Chapter 5, Part A, Introductory Commentary citing 18 U.S.C. § 3553(a).

As set forth in the PSR at ¶¶ 34-55, his history and characteristics depict a not-quite-high-school-educated father of five who, in disregard of the looming stick, snatched at the carrot of minor monetary remuneration. PSR at ¶ 57. The oldest of three achievement-oriented siblings, Mr. Castillo was raised by his mother in a penurious single parent household in Puerto Rico.  PSR at ¶ 37-38.  He was nevertheless provided a sound upbringing with good values as part of a close-knit family. Id. at ¶ 38.  Mr. Castillo has exhibited consistent industry since his teenage years by holding a series of jobs. PSR, at ¶¶ 51-55. See 18 U.S.C. § 3553(a)(1). Mr. Castillo is a first time offender whose crime appears to be an uncharacteristic aberration in an otherwise law-abiding life. PSR, at ¶¶ 29-32.  His criminal debut, which came later in life, was motivated much more by a desire to provide for his wife and children than by any wanton materialism. PSR at ¶¶ 48-49.  As the PSR confirms, Mr. Castillo lives no lavish lifestyle and has few personal possessions.  PSR, at ¶¶ 39, 42-43.  See 18 U.S.C. § 3553(a)(1).

As a first offender with an employment history, demonstrable family ties and no history of drug abuse, Mr. Castillo seems to have some potential for rehabilitation. Thus, a below guidelines sentence would neither deprecate the seriousness of the offense nor undermine respect for the law and would therefore be just.  See PSR at ¶¶ 46, 53, 55.  18 U.S.C. § 3553(a)(2)(A).

Mr. Castillo expected to clear $2,500 in profit at the conclusion of the deal. PSR at ¶ 26.  Viewed in light of the potential five-year sentence he faces and the financial jeopardy in which he has placed his partner and children, Mr. Castillo, having learned his lesson the hardest way, clearly understands that he made a deal with the devil. PSR at ¶ 60.  Mr. Castillo seems no threat to commit further crimes at the conclusion of any substantial incarcerative sentence. 18 U.S.C. § 3553(a)(2)(B-C).

Mr. Castillo requests that the Court recommend placement in a facility in the Northeastern Region, near his family.  See 18 U.S.C. § 3614 (b)(4)(B); Bureau of Prisons Program Statements PS 5140.28 and PS 5070.10 § 7 (a, b); United States v. Potoski, 2010 WL 1909551 (09-0176-cr 2d Cir. May 13, 2010) (sentencing court may recommend place of imprisonment).

E.      Conclusion

For the forgoing reasons, Mr. Castillo respectfully requests that the Court sentence him as suggested herein.


Respectfully submitted,


s/ Patrick J. Brackley

Patrick J. Brackley (PJB 6808)




cc:   AUSA Sarah McCallum   (via e-mail/fax)
       Sr. Probation Officer Susan Matthews  (via fax/ e-mail)